(Superior Court of Cincinnati.)
Special Term.
GOODRICH H. BARBOUR v. H. H. BOYCE et al.

(1). It does not lie with a garnishee to question in an attachment suit what orders may or may not be made in that suit. He is not a party to the case, and while orders may be made against him in the case they are not conclusive upon him. If he feels aggrieved at such orders, he may decline to obey them, and stand suit under section 5551, R. S.

(2). Under sec. 5550, R. S., the court is authorized to order the payment or delivery into court by the garnishee of any money or property discovered on his examination to be in his possession, or the court may allow the garnishee to retain the money or property, and give a bond therefor instead, and no condition is made in this section that there must be a judgment against the defendant before the order can be made.

(3). While under sec. 5551, R. S., if the garnishee declines to obey the order of the court, suit may be brought against him to enforce such order, yet, under sec. 5558, R. S., no judgment can be rendered against the garnishee in such suit, until the action against the defendant in attachment has been determined.

(4). It is the right and the duty of the garnishee to see and know that jurisdiction is rightfully acquired by the court to adjudicate against the defendant; but the inquiry into the power of the court to render the judgment in so far as it affects the garnishee is under our system of attachment limited to the suit that is brought against the garnishee, and cannot be raised by him in the garnishment proceedings.

(5). If the garnishee sets up as against the property of defendant in his hands, a claim for services, etc., the plainitff is entitled ot test and contest such claim.

(6). Where the garnishee is a citizen of Ohio, and the property attached, if a debt. was incurred by him in this state, it is no defense on his part that he carried the money into another state. If the court has acquired jurisdiction over him, it has jurisdiction over such debt.

DEMPSEY, J.

Barbour brought this action against H. H. Boyce, to recover the sum of

$500.00 and interest on a certain promissory note, and caused process of garnishment to issue against Thomas C. Campbell and John C. Otis, requiring them to appear and answer concerning moneys, etc., of said H. H. Boyce alleged to be in their hands. Boyce's residence being unknown to plaintiff and not capable of being ascertained by plaintiff with reasonable diligence, the usual affidavit for service by publication was filed, publication for the time required by statute made, proof thereof filed, and an order entered approving the publication.

Subsequently, the defendant Boyce, having been located in Colorado, additional service was made upon him by means of a copy of the summons and petition under section 5052, Revised Statutes. Interrogatories were filed to which both garnishees answered. The answers of Mr. Campbell to his interrogatories not being satisfactory to plaintiff's counsel, an order was made requiring Mr. Campbell to submit to an examination in open court, which order was readily complied with by Mr. Campbell, and a long and rather exhaustive inquiry was made into the financial dealings between Mr. Boyce and Mr. Campbell. The result of that examination may be expressed in a few words: In January, 1898, Mr. Campbell received from Mr. Boyce in the Gibson House and Emery Hotel of this city, two separate sums of money, $1,000.00 on one occasion, and $750.00 on a second occasion, both sums, however, being received on the same day. The $1,000 00 was to be for services of Mr. Campbell in securing a vote of some Ohio legislator for Mr. Hanna for senator of the U. S. The $750.00 was to be given to the legislator, presumably Mr. Otis, as an earnest of a much larger sum in case his vote was secured for Mr. Hanna. The scheme fell through for divers reasons, and no vote was secured for Mr. Hanna by Mr. Campbell. It also appears that Mr. Boyce told Mr. Campbell that the money was not his own, nor did it come from Mr. Hanna, but whom he said it did come from Mr. Campbell does not recollect. The $1,750.00 is still in Mr. Camp-

bell's possession; at the time of the examination, he said it was intact in his safe in his New York City office.

Mr. Campbell admits that he is a citizen of Cincinnati and subject to the jurisdiction of this court. The plaintiff claims that this $1,750.00 is the property of Mr. Boyce. Mr. Campbell claims that it never was the property of Boyce, but, admitting that it was, that he is entitled to retain the whole of it for the trouble, and loss of time and expense he has been put to because of Boyce and various other matters incident to the Hanna senatorial election; and further that the money has been attached in his hands by various creditors of Boyce in New York City, which attachments are still undisposed of. At the conclusion of Mr. Campbell's examination, counsel for plaintiff prayed for judgment against the defendant, Boyce, and for an order against Mr. Campbell requiring him to pay into court this $1.750.00, or else that he execute to plaintiff an undertaking that the amount shall be paid as the court may direct.

To this counsel for Mr. Campbell objects on the ground that this court has no jurisdiction to make such an order, because the attachment in this case is a proceeding purely in rem, and in such a proceeding no order can be made against the garnishee until after judgment against the principal defendant, and that no judgment can be entered against the principal defendant unless there be assets found in the hands of the garnishee on which to base judgment, and that in this case, excluding the answer and disclosure of Mr. Campbell, which it is claimed, denies any money or property of Boyce's to be in Campbell's possession, there is no evidence showing affirmatively any property of Boyce in the garnishee's hands.

The one general answer that in the first place might be made to the whole of counsel's objection is that it does not lie with a garnishee to question in the attachment suit what orders may or may not be made in that suit. He is no party to the case, and while orders may be made against him in the case, they are not conclusive upon him. He is not bound to obey any such orders, and if he feels aggrieved at such orders, he may decline to obey them, and stand suit under section 5551, Revised Statutes. Sesor v. Witte, 39 Ohio St, 218; Hammock v. Bank, 9 C. C., 139.

Nor is it true that no order can be made against the garnishee until after judgment against the principal defendant. Under section 5550, the court is authorized to order the payment or delivery into court by the garnishee of any money or property discovered on his examination to be in his possession, or the court may allow the garnishee to retain the money or property, and give a bond therefor instead. But no condition is made in this section of the statute that there must be a judgment against the defendant before the order can be made. And that the intention of the legislature was just the contrary is evident from the succeeding section, which provides for the enforcement of the order. Section 5551 assumes that a garnishee may prefer to disregard the order and stand suit, and section 5553 then provides that in this suit, that is, to enforce the order made in the garnishment case, there shall be no final judgment entered against the garnishee, until the action against the defendant in attachment is determined, thus making the final judgment in the auxiliary suit to enforce the order depend upon the judgment in the attachment suit, and thus conclusively showing that in the garnishment suit itself the order on the garnishee is not dependent upon a judgment against the principal defendant, for what would be the reason for providing in section 5553 that the action authorized by section 5551 should not proceed to final judgment until the attachment proceeding had also proceeded in effect to final judgment if the action provided by section 5551 could not be begun until after final judgment in the attachment case.

That is what counsel's contention resolves itself into. See Vallette v. Bank, 2 H. 1.

The disposition made by the court

of the two foregoing points in counsel's objection, in effect, we think, disposes of the whole objection so far as the garnishee's rights are concerned.

One of the remaining points of counsel's objection is that no judgment can be entered against the principal defendant unless it be based upon assets found in the garnishee's hands. Well, that is true, but it will not avail the garnishee in the garnishment suit. It is undoubtedly the right and the duty of the garnishee to see and know that jurisdiction is rightfully acquired by the court to adjudicate against the defendant; but the inquiry into the power of the court to render the judgment in so far as it affects the garnishee is under our system of attachment limited to the suit that is brought against the garnishee, and cannot be raised by him in the garnishment proceedings.

The same consideration applies to the point that outside Campbell's answer there is no evidence showing any property of Boyce in Campbell's possession.

Examining this branch of the objection, however, for the purpose of determining whether the plaintiff ought to have a judgment against the defendant Boyce, the court is of opinion that there is enough in Mr. Campbell's evidence to warrant the court in saying, prima facie, that he has moneys of Mr. Boyce in his possession which plaintiff has a right to subject to his claim. Due allowance is made to the claim of Mr. Campbell for fees for services, annoyance, etc., but as to the extent and value of such claim, Mr. Campbell ought not to be the judge, and plaintiff is entitled to test and contest those claims. As to the claim alleged by counsel since the hearing that Mr. Campbell is outside of this court's jurisdiction, that Mr. Boyce is not within the jurisdiction, and that the money is out of the jurisdiction, I see no merit in that.

I have examined carefully the case of Kelly Co. v. Garvin Machine Co., 6 Nisi Prius, 350, and do not find it a parallel case in any respect. In that case, the principal defendant and the garnishee were both foreign corporations, and the claim sought to be attached was a debt, also contrated in a foreign jurisdiction.

In this case Mr. Campbell admits he is a citizen and elector of Cincinnati and subject to the jurisdiction of this court, and the property attached, if a debt, was incurred by Mr. Campbell to Mr. Boyce in the city of Cincinnati, Ohio. That Mr. Campbell carried the money to New York for safe keeping and left it there does not change the aspect of the case at all; Mr. Campbell was properly served, appeared and answered, the court has jurisdiction over him, and through him over what, if anything may be owing from him to Mr. Boyce, and plaintiff will be allowed the judgment and order he prays for.

Aaron A. Ferris, for Plaintiff.
John J. Glidden, for Campbell,